UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 14-cr-0298 (WMW/FLN) |
| Plaintiff, | **ORDER** |
| v. | |
| Bryan S. Reichel, | |
| Defendant. | |

A jury convicted Defendant Bryan S. Reichel of wire fraud and bankruptcy fraud in November 2016, and this Court imposed a sentence of 264 months' imprisonment in June 2017. Reichel appealed, and the United States Court of Appeals for the Eighth Circuit affirmed Reichel's convictions and sentence in December 2018. This matter is now before the Court on Reichel's May 6, 2019 pro se motion to disclose grand jury transcripts. (Dkt. 256.) Reichel contends that Plaintiff United States of America presented to the grand jury false testimony about Reichel's former company, PureChoice, Inc., and its compliance with federal regulations.[1] For this reason, Reichel argues, he needs access to the grand jury transcripts in order to prepare a motion for a new trial and to seek dismissal of the superseding indictment on which his convictions are based.

---

[1] In his motion, Reichel also asserts that "[t]here are other instances of the prosecution allowing known false testimony [to be presented] to the Grand Jury." But Reichel neither describes the nature of this alleged false testimony nor provides any evidence or argument to support this allegation.

A court may authorize the disclosure of grand jury transcripts "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). To obtain grand jury transcripts, a defendant must identify specific evidence of "prosecutorial overreaching" so as to establish a particularized need to consult grand jury transcripts. *United States v. Lame*, 716 F.2d 515, 518 (8th Cir. 1983). Notably, while his appeal was pending, Reichel filed a motion with the Eighth Circuit to obtain access to the grand jury transcripts. Concluding that "Reichel has not shown 'that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury,' " the Eighth Circuit denied Reichel's motion. *United States v. Reichel*, 911 F.3d 910, 917 n.3 (8th Cir. 2018) (quoting Fed. R. Crimp. P. 6(e)(3)(E)(ii)). In reaching its decision, the Eighth Circuit observed that it was "confident that the grand jury could have indicted Reichel even without this inaccurate information" and that dismissal of the indictment "would have been improper." *Id.* at 917. In Reichel's renewed motion to this Court, he repeats arguments that the Eighth Circuit rejected. Moreover, he presents no new evidence or arguments establishing a particularized need for him to obtain the grand jury transcripts. Accordingly, Reichel's motion is denied.

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Bryan S. Reichel's motion to disclose grand jury transcripts, (Dkt. 256), is **DENIED**.

Dated: July 17, 2019                                                                  s/Wilhelmina M. Wright  
                                                                                                     Wilhelmina M. Wright  
                                                                                                     United States District Judge