UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| United States of America, | Case No. 14-cr-0298 (WMW/FLN) |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| Bryan S. Reichel, | |
| Defendant. | |

This matter is before the Court on Defendant Bryan S. Reichel's application to proceed *in forma pauperis* (IFP). (Dkt. 260.) To the extent that Reichel wishes to file a motion in this closed criminal case, he already has IFP status in the matter and does not need to request it again. By contrast, if Reichel intends to file a new action he must independently seek IFP status in that matter in the future. Accordingly, Reichel's IFP application is denied.

Reichel also filed a motion seeking reconsideration of this Court's July 17, 2019 Order, which denied Reichel's motion to disclose grand jury transcripts. (Dkt. 264.) A party is not permitted to file a motion to reconsider without first obtaining the district court's permission based on a showing of "compelling circumstances." LR 7.1(j).[1]

---

[1] Local Rule 7.1(j) appears in a section of the Local Rules applicable to "Civil Motion Practice," but Courts in this district have applied the same legal standard to reconsideration motions filed in criminal cases. *See, e.g.*, *United States v. Benjamin*, No. 11-cr-0294, 2017 WL 1067742, at *2 (D. Minn. Mar. 22, 2017); *United States v. Lockett*, No. 03-cr-0088, 2014 WL 117468, at *1 (D. Minn. Jan. 13, 2014); *United States v. Tate*, No. 08-cr-0030, 2012 WL 2885001, at *1 (D. Minn. July 13, 2012).

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (internal quotation marks omitted). The purpose of a motion to reconsider is to afford a party the "opportunity for relief in extraordinary circumstances." *Clear Channel Outdoor, Inc. v. City of Saint Paul*, 642 F. Supp. 2d 902, 909 (D. Minn. 2009) (internal quotation marks omitted). Reichel did not request permission to file a motion to reconsider. And Reichel has neither identified a manifest error of law or fact in the Court's July 17, 2019 Order, nor presented newly discovered evidence. Reichel merely repeats arguments that he previously made and the Court previously considered.[2] For these reasons, the Court denies Reichel's motion.

## ORDER

Based on the foregoing analysis and all of the files, records, and proceedings herein,

**IT IS HEREBY ORDERED**:

1. Defendant Bryan S. Reichel's application to proceed *in forma pauperis*, (Dkt. 260), is **DENIED**.

2. Defendant Bryan S. Reichel's motion for reconsideration, (Dkt. 264), is **DENIED**.

Dated: August 26, 2019                  s/Wilhelmina M. Wright
                                                                                Wilhelmina M. Wright
                                                                                United States District Judge

---

[2] To the extent that Reichel invokes the Jencks Act, 18 U.S.C. § 3500(b), as a basis for his post-trial entitlement to grand jury transcripts, this argument does not warrant reconsideration of the Court's July 17, 2019 Order. *See United States v. Jonassen*, 759 F.3d 653, 663 (7th Cir. 2014) (observing that "a request for Jencks Act material must be made before or during trial; the Act provides no posttrial procedure or remedy").