UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,　　　　　　　　　　Case No. 14-cr-0298 (WMW/FLN)

　　　　　　Plaintiff,
　　　　　　　　　　　　　　　　　　　　　　**ORDER**
　v.

Bryan S. Reichel,

　　　　　　Defendant.

A jury convicted Defendant Bryan S. Reichel of wire fraud and bankruptcy fraud in November 2016, and this Court sentenced Reichel in June 2017. Reichel appealed, and the United States Court of Appeals for the Eighth Circuit affirmed Reichel's convictions and sentence in December 2018. Reichel moves for a court order compelling his former court-appointed defense counsel to provide Reichel with his case file to assist him in preparing an anticipated habeas petition.

In support of his motions, Reichel cites *Maxwell v. Florida*, in which Justice Marshall observed that "[t]he right to effective assistance fully encompasses the client's right to obtain from trial counsel the work files generated during and pertinent to that client's defense." 479 U.S. 972, 477-78 (1986). But Reichel's reliance on *Maxwell* is misplaced. Justice Marshall's statement in *Maxwell* appears in a dissent from the denial of a petition for a writ of certiorari and, therefore, is not precedential. The Court's research has identified no federal court that has relied on *Maxwell*, even as persuasive authority, to compel a defendant's former counsel to surrender the defendant's case file. *See, e.g.*, *Wilson v. Hatch*, No. 12-1224 JAP/GBW, 2013 WL 12159041, at *20 n.15

(D.N.M. July 29, 2013) (citing *Maxwell* and observing that, although "there is certainly an ethical duty for an attorney to turn over case files of a former client to his new counsel, it is not clear whether there is a corresponding constitutional right and, if so, the scope of that right"). Moreover, even to the extent that the dissent in *Maxwell* is of persuasive value, it does not suggest that a federal district court has the authority to compel the production of a case file in the circumstances presented here.

Reichel also relies on the American Bar Association's Standards for Criminal Justice, Defense Function Standards and Commentary, which addresses defense counsel's obligation to cooperate with a client who attempts to challenge a conviction. *See, e.g.*, *Hiatt v. Clark*, 194 S.W.3d 324, 330 (Ky. 2006) (citing *ABA Standards for Criminal Justice, Defense Function Standards and Commentary* 4–8.2, 4–8.5 (3d ed. 1993)). The Court is mindful of the ethical obligations of attorneys. The Minnesota Rules of Professional Conduct, for example, require an attorney to "take steps to the extent reasonably practicable to protect a client's interest, such as . . . surrendering papers and property to which the client is entitled." Minn. R. Prof. Conduct 1.16(d). But the fact that certain ethical obligations may be implicated by Reichel's request does not establish that this Court has the authority to compel his former attorneys to produce documents to Reichel in the circumstances presented here.

Notably, Reichel has not filed a Section 2255 habeas petition, the preparation of which is the basis for his request. Moreover, "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Instead, discovery in Section 2255 habeas

proceedings is governed by Rule 6 of the Rules Governing Section 2255 Proceedings, which permits discovery only with leave of court after a showing of good cause. District courts routinely deny requests for such discovery—including requests to compel attorneys to surrender a case file—absent a showing of good cause *after* a viable habeas petition has been filed. *See, e.g.*, *Parks v. United States*, No. 4:18-cv-1923, 2019 WL 197362, at *2 (E.D. Mo. Jan. 15, 2019) (denying defendant's request for an order directing former defense counsel to surrender case file because defendant had yet to file a viable habeas petition); *Brown v. Morgan*, 968 F. Supp. 2d 649, 659 (D. Del. 2013) (denying as moot defendant's motion to compel former defense counsel to surrender case file because defendant's habeas petition did not, on its face, warrant relief); *United States v. Prado*, CR S-02-021, 2009 WL 4018147, at *2 (E.D. Cal. Nov. 18, 2009) (concluding that "the proper mechanism for [defendant] to procure material from [former defense counsel] is through a subpoena duces tecum—a mechanism [defendant] may use only after the court authorizes discovery"). Because Reichel has neither filed a habeas petition nor sought leave of court to conduct discovery under the applicable rules, his motions are, at best, premature.

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Bryan S. Reichel's motions to compel, (Dkts. 275, 276), are **DENIED**.

Dated: February 11, 2020                         s/Wilhelmina M. Wright  
                                                                                            Wilhelmina M. Wright  
                                                                                            United States District Judge