UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 14-cr-0298 (WMW/FLN) |
| Plaintiff, | |
| | **ORDER** |
| v. | |
| Bryan S. Reichel, | |
| Defendant. | |

A jury convicted Defendant Bryan S. Reichel of wire fraud and bankruptcy fraud in November 2016, and this Court sentenced Reichel in June 2017. Reichel appealed, and the United States Court of Appeals for the Eighth Circuit affirmed Reichel's convictions and sentence in December 2018. Reichel timely filed a motion to vacate his sentence and conviction pursuant to 28 U.S.C. § 2255 on March 26, 2020. Plaintiff United States of America filed a response in opposition to Reichel's Section 2255 motion on June 2, 2020. Reichel now moves for a 45-day extension of time to amend his pending Section 2255 motion or file a reply in support of his pending Section 2255 motion.[1] (Dkt. 308.) For the reasons addressed below, Reichel's motion is granted.

A Section 2255 motion to vacate a sentence or conviction must be filed within one year after a judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). For purposes

---

[1] Reichel's motion is inconsistent in describing the relief he seeks. Although his motion is titled "motion to extend time to amend without leave" and argues that his Section 2255 motion "needs to be clarified/amended," his motion also requests an "extension to file his reply." Accordingly, the Court construes Reichel's *pro se* motion liberally and addresses both requests in the alternative.

of Section 2255, a conviction becomes final "after the 90-day period for filing a petition for a writ of certiorari [has] expired." *Muhammad v. United States*, 735 F.3d 812, 814 (8th Cir. 2013). The Eighth Circuit entered judgment on December 28, 2018, affirming Reichel's conviction, and Reichel's 90-day period for filing a petition for certiorari expired on March 28, 2019. As such, the deadline for Reichel to file a Section 2255 motion was March 30, 2020.[2] Reichel timely filed a Section 2255 motion on March 26, 2020.[3] He now seeks an extension of time to amend his Section 2255 motion as a matter of course, pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), *after* the March 30, 2020 deadline has passed, or to file a reply in support of his pending Section 2255 motion.

"The Federal Rules of Civil Procedure govern habeas proceedings unless superseded by the rules governing section 2254 or 2255 cases." *Barnett v. Roper*, 541 F.3d 804, 807 (8th Cir. 2008). Under Rule 15(a)(1)(B), "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading." Fed. R. Civ. P. 15(a)(1)(B). This rule applies to amendments to a Section 2255 motion. *See United States v. Harrison*, 469 F.3d 1216, 1217 (8th Cir. 2006).

---

[2] Because March 28, 2020 was a Saturday, the one-year limitation period under Section 2255 ended on Monday, March 30, 2020. *See* Fed. R. App. P. 26(a)(1)(C) (providing that, when computing a time period specified in a statute, "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

[3] Because the record reflects that Reichel provided his Section 2255 motion to prison officials on March 26, 2020, the motion is deemed to be filed on that date. *See Grady v. United States*, 269 F.3d 913, 916 (8th Cir. 2001) (explaining that under the "prison mailbox rule," a *pro se* prisoner's Section 2255 motion is deemed to be filed "at the moment [the prisoner] delivered it to the warden for forwarding to the clerk of the district court").

2

Here, Reichel seeks additional time to amend his Section 2255 motion *after* the one-year limitations period has ended. For that reason, his ability to amend his Section 2255 motion "as a matter of course" is limited. *See Johnson v. United States*, 860 F. Supp. 2d 663, 706–10 (N.D. Iowa 2012). Untimely Section 2255 claims "may be deemed timely if they relate back to a timely filed motion" pursuant to Rule 15(c). *Dodd v. United States*, 614 F.3d 512, 515 (8th Cir. 2010). Alternatively, untimely Section 2255 claims that do *not* relate back to a timely motion may be considered under the doctrine of equitable tolling. *See Johnson*, 860 F. Supp. 2d at 706–10. The limitations period in Section 2255 "is not jurisdictional and is therefore subject to the doctrine of equitable tolling." *English v. United States*, 840 F.3d 957, 958 (8th Cir. 2016) (citing *Holland v. Florida*, 560 U.S. 631, 645 (2010)). "Equitable tolling is an extraordinary remedy that affords the otherwise time-barred petitioner an exceedingly narrow window of relief." *Chachanko v. United States*, 935 F.3d 627, 629 (8th Cir. 2019) (internal quotation marks omitted). "A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (internal quotation marks omitted).

The nature of any amendments Reichel wishes to make to his pending Section 2255 motion is unclear. As such, the Court lacks sufficient information to determine whether any amendment could be deemed timely either because it relates back to Reichel's pending Section 2255 motion or because it is subject to equitable tolling. Thus, the Court reserves judgment as to whether any forthcoming amendment will be permitted.

Subject to the foregoing legal principles, however, the Court has discretion to consider a request for leave to amend at any time. *See* Fed. R. Civ. P. 15(a)(1)(2) (providing that a "court should freely give leave [to amend] when justice so requires"). The Court also has discretion to extend Reichel's court-imposed deadline to file a reply in support of his pending Section 2255 motion. Reichel's current deadline to file a reply is August 30, 2020. Reichel has demonstrated good cause for a 45-day extension to that deadline in this case based on the restrictions imposed on him by the Federal Bureau of Prisons in light of the ongoing COVID-19 pandemic. Accordingly, Reichel's motion for an extension of time is granted.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant Bryan S. Reichel's motion for an extension of time, (Dkt. 308), is **GRANTED**.

2. Reichel may file a reply in support of his pending Section 2255 motion no later than October 14, 2020.

3. The Court will consider the merits of any motion or request by Reichel to amend his Section 2255 motion if such a motion or request is filed.

Dated:  August 14, 2020                              s/Wilhelmina M. Wright
                                                     Wilhelmina M. Wright
                                                     United States District Judge