UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 14-cr-0298 (WMW/FLN) |
| Plaintiff, | **ORDER** |
| v. | |
| Bryan S. Reichel, | |
| Defendant. | |

This matter is before the Court on Defendant Bryan S. Reichel's Motion to Challenge Jurisdiction and/or Dismiss for Lack of Jurisdiction, (Dkt. 390), and Motion to Stay all proceedings, (Dkt. 392). This case was closed on July 12, 2017, and all issues arising from this case have been fully adjudicated. Upon review, the Court finds that Reichel's motions do not seek any relief that is available in this criminal case.

Reichel persists in filing motions challenging the legality of his conviction. Federal law provides only one procedural vehicle for such a collateral challenge—a motion filed pursuant to 28 U.S.C. § 2255. Any motion filed by Reichel in this matter that seeks to vacate, set aside, or correct his conviction or sentence will be regarded by the Court as a motion under Section 2255. *United States v. Fine*, 982 F.3d 1117, 1118 (8th Cir. 2020). Moreover, because Reichel has already sought and was denied relief under 28 U.S.C. § 2255, any future motion attacking Reichel's conviction will be summarily dismissed without comment unless Reichel establishes at the time of filing that he has been authorized

to proceed with a second or successive motion under Section 2255 by the United States Court of Appeals for the Eighth Circuit.  See 28 U.S.C. § 2255(h).  Because any future motion filed by Reichel that seeks to invalidate his sentence without authorization by the Eighth Circuit will be deemed frivolous, the motion will be dismissed without further substantive comment from the Court.

More than six years have passed since judgment was entered in this matter.  Reichel's conviction and sentence were affirmed on direct appeal.  Reichel's motion for relief under 28 U.S.C. § 2255 and his motion for relief under Rule 33(b), Fed. R. Civ. P., were denied on the merits.  Any future request from Reichel for habeas corpus relief must be filed in the district of incarceration.  *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).

Reichel's persistence in filing facially meritless requests for relief in this proceeding will warrant the imposition of filing restrictions requiring either prior judicial approval or the representation of counsel.  *See In re McDonald*, 489 U.S. 180, 184 (1989).

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED:**

1. Defendant Bryan S. Reichel's Motion to Challenge Jurisdiction and/or Dismiss for Lack of Jurisdiction, (Dkt. 390), is **DENIED**.

2. Defendant Bryan S. Reichel's Motion to Stay all proceedings, (Dkt. 392), is **DENIED**.

Dated: July 31, 2023

s/ Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge